UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD W. COLLINS,

                      Plaintiff

      v.

TANISHA M. HENRY, et al.,

                    Defendants

Case No. 2:23-cv-01812-GMN-MDC

ORDER

On April 23, 2024, Plaintiff Ronald Collins ("Plaintiff") filed duplicate motions to exclude this case from the Inmate Early Mediation Program. (ECF Nos. 10, 11.) In his motions, Plaintiff argues that a settlement conference would be a waste of time because if the Nevada Department of Corrections ("NDOC") wanted to settle the case it would have removed the allegedly false notice of charge against Plaintiff for theft. (*Id.* at 2.) In addition, Plaintiff argues that because Defendant Henry does not appear to be an NDOC employee, a settlement agreement at the mediation conference would not include her. (*Id.*) In the NDOC's response, it argues that depending on the validity of the theft charge, it may be willing to dismiss or set a rehearing on the disciplinary charge. (ECF No. 12 at 2.) In addition, "[n]othing prevents the NDOC from settling on behalf of Defendant Henry . . . ." (*Id.*)

The Court agrees with the NDOC and **DENIES** Plaintiff's motions to exclude this case from mediation (ECF Nos. 10, 11) without prejudice. Based on the Court's use of the mediation settlement process, parties would frequently express pessimism that their case had any chance of settlement. Yet, on numerous occasions, the parties were indeed able to come to an accord and successfully resolved their dispute. Even if a case does not settle, there is nevertheless a benefit to the parties by exploring and addressing the strengths and weaknesses of their claims and defenses. From the perspective of the governmental defendants, the discussions may shed light on potentially errant policies, decisions, or activities and possibly allow corrective action to be undertaken. And from

the standpoint of the Plaintiff, he may be educated about the technical nuances of § 1983 litigation which may cause him to re-evaluate the propriety of his claims.

Therefore, to further the interests of justice, this matter will proceed to the Inmate Early Mediation Program in accordance with the Court's screening order (ECF No. 8). The Court **DENIES** Plaintiff's motions to exclude this case from mediation (ECF Nos. 10, 11) without prejudice.

DATED THIS  1st day of May 2024.

_____
UNITED STATES MAGISTRATE JUDGE

- 2 -