UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD W. COLLINS,

                Plaintiff,

vs.

TANISHA MULHEAD HENRY, *et al.*,

                Defendants.

Case No.: 2:23-cv-01812-GMN-MDC

**ORDER DENYING MOTION FOR RECONSIDERATION**

Pending before the Court is the Motion for Reconsideration, (ECF No. 42), filed by Defendants Alex Bravo and Patrick Moreda. Plaintiff Ronald W. Collins filed a Response, (ECF No. 43), to which Defendants filed a Reply, (ECF No. 44). Also pending before the Court is Plaintiff's Motion for Leave to File a Surreply, (ECF No. 45).[1] Defendants filed a Response, (ECF No. 47), to which Plaintiff filed a Reply, (ECF No. 48).

Because Defendants failed to demonstrate that the Court committed clear error by denying their previous Motion to Dismiss, the Motion for Reconsideration is **DENIED**.

I.    **BACKGROUND**

Plaintiff alleges that he was denied adequate medical treatment at High Desert State Prison ("HDSP") and was later retaliated against for filing an inmate grievance. (*See generally* Compl., ECF No. 9). He alleges that Defendants filed false disciplinary charges against him, and that his due process rights were violated during the disciplinary hearing. (*Id.*). This Court's previous Order Denying Defendants' Motion to Dismiss contains the relevant factual details,

---

[1] Plaintiff requests leave to file a surreply regarding Defendant Henry's alleged admission in another case that she failed to provide medical care. (*See generally* Mot. Leave, ECF No. 45). Local Rule 7-2(b) allows for a motion, a response, and a reply. "Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." *Id.* Because the purpose of a surreply is to address new matters raised in a Reply, and Plaintiff has already raised this argument in his Response brief, his Motion for Leave is DENIED.

which the Court incorporates by reference. (Order Denying Mot. Dismiss 1:16–3:14, ECF No. 41). Plaintiff brought a 28 U.S.C § 1983 First Amendment retaliation claim against all Defendants and a 28 U.S.C § 1983 Fourteenth Amendment due process claim against Defendant Moreda. (*Id.* 3:10–12). The Court denied Defendants' Motion to Dismiss, and they filed the instant Motion for Reconsideration.

## II.  LEGAL STANDARD

Generally, a district court may rescind an interlocutory order "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). This plenary power derives from the common law and is not limited by the provisions of the Federal Rules of Civil Procedure. *See id.* at 886–87. When a district court issues an interlocutory order, the power to reconsider or amend that order is not subject to the limitations of Rule 59. *Id.* at 885 (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). Courts also derive power to revise interlocutory orders from Federal Rule of Civil Procedure 54(b). Interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

While other districts in the Ninth Circuit have local rules governing motions to reconsider an interlocutory order, the District of Nevada has "utilized the standard for a motion to alter or amend judgment under Rule 59(e)." *See, e.g.*, *Evans v. Inmate Calling Solutions*, No. 3:08-cv-0353-RCJ (VPC), 2010 WL 1727841, a *1 (D. Nev. Apr. 27, 2010); *Hanson v. Pauli*, No. 3:13-cv-00397-MMD, 2015 WL 162987, at *1 (D. Nev. Jan. 13, 2015). A motion to reconsider must set forth (1) a valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision.

*Frasure v. U.S.*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is properly denied if it presents no new arguments. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### III.   DISCUSSION

Defendants make two arguments for reconsideration. First, they argue that the Court committed clear error by relying on two particular Ninth Circuit cases for its conclusion that Plaintiff sufficiently pled a due process violation. (Mot. Dismiss 4:11–6:5). Second, they argue that the Court committed clear error by failing to dismiss the retaliation claim. (*Id.* 6:8–7:25). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981).

**A. Due Process Violation Claim**

Defendants' first argument for reconsideration is that the Court committed clear error by relying on *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), and *Burnsworth v. Gunderson*, 179 F.3d 771 (9th Cir. 1999), because "subsequent cases have implicitly rejected the authority upon which these cases relied." (Mot. Reconsideration 4:11–13). In the Court's previous Order, it

explained that when an inmate is subject to segregation due to a disciplinary hearing in which the adverse finding was not based on any evidence, the lack of a fair hearing violates due process. (Order Denying Mot. Dismiss 8:9–12). The *Gunderson* court explained that in prison disciplinary hearings, due process requires that the board's findings be supported by "some evidence in the record." 179 F.3d at 775. "Thus, a plaintiff may have their due process rights violated even if they have not demonstrated a cognizable liberty interest." (Order Denying Mot. Dismiss 8:12–14) (citing *Gunderson*, 179 F.3d at 775). Because Plaintiff alleged that his charge was not based on evidence, the Court found that Defendants' argument that he failed to identify a property or liberty interest was not applicable, based on the Ninth Circuit cases. (Order Denying Mot. Dismiss 8:18–25).

Defendants contend that the *Gunderson* court relied on Supreme Court concurrences relating to state clemency, appeal, and parole proceedings when concluding that there was a requirement for "some evidence." (Mot. Reconsideration 4:14–17). But, they point out, in a 2011 Supreme Court decision, the Court held that a state-created liberty interest in parole did not create a minimum "some evidence" due process requirement, even if the state law required it. (*Id.* 5:3–13) (citing *Swarthout v. Cooke*, 562 U.S. 216 (2011)). Thus, they argue, if a state-created interest in parole did not create a minimum "some evidence" requirement, a state-created prison disciplinary proceeding is not enough to establish such a requirement. (*Id.* 5:22–26). Defendants assert that because *Swarthout* bars an argument that the law is clearly established, the Court erred by not granting qualified immunity on this claim. (*Id.* 5:26–6:5).

As an initial matter, Defendants could have raised this argument in their Reply brief after filing their initial Motion to Dismiss, and thus it is improper for them to make the argument in a Motion for Reconsideration. "Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also Marlyn*

*Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'") (quoting *Kona Enterprises*, 229 F.3d at 890). Further, such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Plaintiff cited both *Gunderson* and *Nonnette* in his Response brief for their holdings that due process is violated when a disciplinary conviction is completely unsupported by evidence. (Resp. to Mot. Dismiss at 7–8). In Defendants' Reply, they do not cite *Swarthout* nor make the argument made in their Motion for Reconsideration. (*See* Reply 2:11–18).

Regardless, Defendants do not meet their burden of demonstrating that the Court committed clear error by relying on these two Ninth Circuit cases, which have not been overruled and are still binding legal precedent, even if they cited *Woodard* concurrences that have since been "implicitly rejected" by the *Swarthout* Court. (*See* Mot. Reconsideration 5:3–13) (citing *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998)). The *Gunderson* court primarily relied on the Supreme Court's ruling in *Superintendent v. Hill* when it stated that "the minimum requirements of procedural due process require that the findings of the prison disciplinary board be supported by some evidence in the record." *Gunderson*, 179 F.3d at 775 (cleaned up) (citing *Superintendent v. Hill*, 472 U.S. 445, 454–55 (1985)). To reach that conclusion, it considered the Supreme Court's holding that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." 472 U.S. at 454 (cleaned up). And in a parenthetical, the *Gunderson* court noted *Hill's* reasoning that "[r]equiring a modicum of evidence to support a [prison disciplinary's board's decision] will help to prevent arbitrary deprivations without threatening institutional interests or imposing

undue administrative burdens." *Gunderson*, 179 F.3d at 775 (quoting *Hill*, 472 U.S. at 454–55). The *Gunderson* court's holding was not based solely, or even primarily, on the *Woodard* concurrences noted by Defendants, and remains clearly established law for purposes of qualified immunity.

Lastly, Defendants fail to cite a case, precedential or otherwise, supporting their argument. Instead, they cite a case from the District of Idaho, in which the court found that "for Idaho inmates . . . previous Ninth Circuit case law permitting due process claims in inmate settings where no liberty interest is found, *e.g., Gunderson*, 179 F.3d at 775, no longer provide viable legal grounds for relief." (Mot. Reconsideration 5:14–21) (quoting *Stanley v. St. Paul*, 773 F. Supp. 2d 926, 929 (D. Idaho 2011)). However, the *Stanley* court was referring to a due process interest in parole-related issues, not a disciplinary hearing, and noted that Idaho did not have such an interest. *Stanley*, 773 F.Supp.2d at 929. It did not address the issue as it pertains to prison disciplinary hearings. Defendants' Motion for Reconsideration as to Plaintiff's due process claim is DENIED.

### B. Retaliation Claim

As for Plaintiff's retaliation claim, Defendants argue that (1) the Court committed clear error by finding that their alleged actions were motivated by prior grievances; and (2) even if Plaintiff had alleged that he filed a grievance, there are no specific allegations in the Complaint that Defendants knew about the grievances before filing the attempt theft charge. (Mot. Reconsideration 6:8–7:25).

First, Defendants argue that there are no allegations that Plaintiff submitted a paper grievance, but only that he made verbal complaints pursuant to Administrative Regulation ("AR") 740. (*Id.* 6:8–18). The Court noted in its previous Order that Plaintiff alleged that he filed an inmate grievance. (Order Denying Mot. Dismiss 5:10–12). In his Complaint, Plaintiff states that AR 740 requires inmates to first attempt to resolve disputes before submitting an

informal inmate grievance. (Compl. at 8). But in the very next paragraph he alleges that "when the following occurred, he was in fact filing an inmate grievance per AR 740," and on page 9 he asserts that because he "was engaged in filing a informal grievance," Defendants retaliated against him. (*Id.* at 8–9). Construing *pro se* filings liberally and drawing reasonable inferences from the Complaint's allegations, the Court did not commit clear error by inferring that Plaintiff alleged he filed at least one written grievance. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Second, Defendants argue that the Court clearly erred in finding that Plaintiff sufficiently alleged that they knew of the grievance. (Mot. Reconsideration 7:2–25). They assert that the allegation that Officer Lopez, Defendants' supervisor, called the medical department about the syringe incident cannot suffice for the inference that Defendants knew of the grievance. (*Id.*). The Court found that Plaintiff's retaliatory motive allegations were sufficient for the pleading stage of proceedings because Plaintiff alleged that Defendant Henry knew about the grievances he filed against her, Defendants' supervisor Officer Lopez called the medical department regarding the syringe incident, and the theft charge was filed soon after his grievance was filed about the syringe incident. (Order Denying Mot. Dismiss 5:10–23).

Defendants again fail to meet their burden of demonstrating that the Court clearly erred in its finding. Defendants are correct that timing alone is not enough, although it *is* circumstantial evidence of retaliatory intent. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995). In the Court's previous Order, it did not rely on timing alone. Plaintiff's additional allegations are sufficient to support the inference. Not only does Plaintiff allege that he complained to Defendants' supervisor, who investigated the incident, he alleges that Defendants admitted in their report that the insulin syringe was returned and therefore no theft occurred. Accordingly, Defendants' Motion for Reconsideration of Plaintiff's retaliation claim is DENIED.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration, (ECF No. 42), is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave, (ECF No. 45), is **DENIED**.

**DATED** this   10   day of March, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court