# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Ronald W. Collins,

                              Plaintiff,

vs.

Tanisha Mulhead Henry., et al.,

                              Defendants.

Case No. 2:23-cv-01812-GMN-MDC

**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 61) AND JOINDER (ECF NO. 64)**

   The Court has considered the defendants' *Motion to Confirm Stay of Discovery on Appeal* (ECF No. 61) and the accompanying *Joinder* (ECF No. 64) ("Motions"). The Court **GRANTS** the Motions.

   The defendants argue that they have been operating under the belief that all discovery deadlines are stayed pending their appeal to the Ninth Circuit. *ECF No. 61*. The defendants request that this Court enter an order confirming that discovery is stayed until the appeal is resolved. In *Ganwich v. Knapp*, 319 F.3d 1115 (9th Cir. 2003), the Ninth Circuit held that compelling defendants to undergo discovery without the opportunity for immediate appeal undermines the protections of qualified immunity, which is intended to shield defendants from the burdens of pretrial litigation. "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). The undersigned Magistrate Judge also previously adopted the pragmatic approach when considering motions to stay discovery. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

The defendants filed an appeal to the Ninth Circuit regarding the Court's rulings on their dispositive motions. No discovery is needed for the appeal. The defendants would be prejudiced if discovery commenced because it would effectively deny them of their arguments on appeal. The Court confirms that discovery is stayed during the appeal. The Court also finds that the appeal can be decided without discovery. The Court also finds good cause to stay discovery until the Ninth Circuit resolves the issues the defendants raise in their appeal.

**IT IS ORDERED** that:

1. Defendants' *Motion to Confirm Stay of Discovery on Appeal* (ECF No. 61) and the accompanying *Joinder* (ECF No. 64) are **GRANTED.** Discovery in this matter is stayed pending resolution of defendants' appeal.

2. If the Ninth Circuit denies the defendants' appeal, <u>within two weeks after the resolution of the appeal</u>, the parties shall meet and confer and file a stipulated discovery plan and scheduling order incompliance with Local Rule 26-1.

Dated:  January 27, 2026

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**